OCEAN STATE STEEL, INC.

v.

PHILLIPSDALE LANDING
PARTNERS, L.P.

No. 97–594–Appeal.

Supreme Court of Rhode Island.

Nov. 18, 1998.

Mark O. Denehy, W. James McKay, Providence.

Ralph J. Perrotta.

**ORDER**

The plaintiff, Ocean State Steel, Inc. (OSSI), appeals from the Superior Court's dismissal of its complaint against the defendant, Phillipsdale Landing Partners, L.P. (Phillipsdale). In dismissing OSSI's complaint, a motion justice ruled that the parties had previously agreed to submit all disputes between them to arbitration. We ordered the parties to show cause why we should not decide this appeal summarily. None having been shown, we shall proceed to resolve the appeal at this time.

OSSI's Superior Court complaint sought a ruling to bar Phillipsdale from arbitrating a complaint against OSSI for its alleged contamination of property owned by Phillipsdale. According to OSSI, a 1994 settlement between the parties precluded such a claim on the grounds of res judicata and accord and satisfaction. We conclude, however, that the motion justice correctly ruled that the "any and all disputes" language contained in the arbitration provisions of the parties' 1990 agreement covered both Phillipsdale's contamination charges and OSSI's alleged defenses thereto. Nothing in the 1994 settlement purported to supersede or cancel the arbitration provisions in the 1990 agreement. Accordingly. OSSI may initiate its own arbitration proceeding to determine these issues, or it may raise whatever defenses it may have in the event that Phillipsdale seeks to initiate the parties' agreed-upon dispute-resolution process by issuing a written notice of its complaint for the alleged contamination. *Accord* G.L. 1956 § 10–3–2 (stating that a clearly written and expressed contractual provision to settle a subsequent controversy by arbitration between or among the parties is enforceable, absent grounds that may exist at law or in equity for the contract's revocation).

For these reasons, we hold that the Superior Court did not err in dismissing OSSI's complaint in favor of arbitration. Therefore, we deny this appeal and remand the papers to the Superior Court for entry of a judgment consistent with this order and with the dismissal ruling of the motion justice.